ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
DONALD W. YOO (SBN 227679)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Tel:    (213) 894-3994
    Fax:    (213) 894-7819
    Email:  donald.yoo@usdoj.gov

Attorneys for Defendant
ARMY AND AIR FORCE EXCHANGE SERVICE,
erroneously sued as Armed Forces Center

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| JAN-PRO CLEANING SYSTEMS OF SOUTHERN CALIFORNIA,<br><br>    Plaintiff,<br><br>vs.<br><br>ARMED FORCES CENTER,<br><br>    Defendant. | No. CV12-00394-CJC (ANx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CURTIS G. MCVEA**<br><br>Date:    April 23, 2012<br>Time:    1:30 p.m.<br>Location:  United States Courthouse<br>    411 W. Fourth Street<br>    Courtroom 9B<br>    Santa Ana, CA 92701<br><br>Honorable Cormac J. Carney |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF JAN-PRO CLEANING SYSTEMS OF SOUTHERN CALIFORNIA, IN PRO SE:

PLEASE TAKE NOTICE that Defendant Army and Air Force Exchange Service ("AAFES"), sued erroneously as Armed Forces Center, by and through its counsel of record, the United States Attorney for the Central District of California, will bring on for hearing a Motion to Dismiss Plaintiff's Complaint on April 23, 2012 at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Cormac J. Carney, United States District Court Judge, Courtroom 9B, 411 W. Fourth Street, Santa Ana, California.

The Motion is made pursuant to Fed. R. Civ. Proc. 12(b)(1) on the following grounds: (1) under the doctrine of derivative jurisdiction, the lack of jurisdiction in the state court from which this action was removed deprives this Court of subject matter jurisdiction; (2) Plaintiff has failed to exhaust its administrative remedies under the Contracts Disputes Act prior to bringing suit; and (3) AAFES, a federal agency, cannot be sued *eo nominee*.

This Motion is based upon this Notice of Motion and Motion to Dismiss, the attached Memorandum of Points and Authorities, declaration of Curtis G. Mcvea and accompanying exhibits, all pleadings, papers filed in this action, and any oral argument which may be presented at the hearing of this Motion. The parties are exempt from compliance with Local Rule 7-3, because this case was removed from the small claims division of a state court. *See* C.D. Local Rules 7-3 & 16-12.

Dated: March 21, 2012

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ *Donald W. Yoo*
DONALD W. YOO
Assistant United States Attorney
Attorneys for Defendant
Army and Air Force Exchange Service

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In its Complaint, Plaintiff Jan-Pro Cleaning Systems of Southern California ("Plaintiff"), seeks $5,511.00 in damages against the Army and Air Force Exchange Service ("AAFES"), sued erroneously as Armed Forces Center[1], for alleged breach of contract. The Complaint should be dismissed as the Court lacks subject matter jurisdiction over this action for several reasons. First, Plaintiff's Complaint should be dismissed under the doctrine of derivative jurisdiction. Under that doctrine, a federal district court does not have jurisdiction over a claim that the state court lacked subject matter jurisdiction to decide in the first place. *See In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir.1997). Because a state court cannot exercise jurisdiction over lawsuits for breach of contract against the United States (or an agency of the United States), this Court consequently lacks jurisdiction over this action.

Second, even if the action had been originally filed in federal court, subject matter jurisdiction would still be lacking because the Plaintiff failed to exhaust its administrative remedies under the Contracts Disputes Act ("CDA") prior to filing suit. *See* 41 U.S.C. § 605. Moreover, once properly exhausted, the appropriate venue for claims of this type lies either with the agency board of contract appeals (41 U.S.C. § 606), or the Court of Federal Claims (41 U.S.C. § 609(a)(1)), and not with the district court. Finally, the Complaint is also subject to dismissal because AAFES, a federal agency, cannot be sued *eo nominee,* or in their own name. Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1).

---

[1] AAFES operates the building where the Plaintiff previously provided janitorial cleaning services. (Declaration of Curtis G. Mcvea ("Mcvea Decl."), ¶ 3.) That building is located on the military base previously known as the Armed Forces Center.

1

## II. BACKGROUND

On January 12, 2012, Plaintiff filed an action against Armed Forces Center in the Superior Court of California, County of Orange, Small Claims Division (Case No. 30-2012-00540642-SC-SC-WJC). In the Complaint, Plaintiff, a janitorial services company, appears to allege that Defendant breached a contract for services on or about October 1, 2011 and seeks damages in the amount of $5,511.00. (Complaint, pg. 2.) The state court action was timely removed to this Court on March 14, 2012, pursuant to 28 U.S.C. § 1442(a).

## III. ARGUMENT

### A. LEGAL STANDARDS UNDER RULE 12(b)(1).

When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the defendant's motion to dismiss. *Tosco v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000); see also *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). When considering a motion to dismiss pursuant to Rule 12(b)(1), "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); see also *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983) (district court's consideration of evidence outside the pleadings did not convert a motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment).

### B. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT UNDER THE DOCTRINE OF DERIVATIVE JURISDICTION.

The Supreme Court outlined the derivative jurisdiction doctrine in *Lambert*

*Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377 (1922). There, the Court explained that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none . . ." *Lambert*, 258 U.S. at 382; *see also Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." (citations omitted)). Derivative jurisdiction thus requires a federal court to dismiss for lack of subject matter jurisdiction if it determines that the state court, prior to removal, lacked jurisdiction. *See In re Elko County Grand Jury*, 109 F.3d at 555; *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 n. 3 (9th Cir. 1988).

Applied here, because this case was removed from state court pursuant to 28 U.S.C. § 1442, the district court's jurisdiction is derivative of the state court's jurisdiction.[2] The Superior Court of Orange County, however, lacked jurisdiction to hear Plaintiff's breach of contract claim against AAFES because under the Contracts Disputes Act, 41 U.S.C. §§ 601, *et seq.*, such actions may only be brought before either the agency board of contract appeals (41 U.S.C. § 607(g)(1)) or the Court of Federal Claims (41 U.S.C. § 609(a)(1)). Consequently, this Court

---

[2]  In a 1986 amendment to 28 U.S.C. § 1441(e), Congress eliminated derivative jurisdiction with respect to removals effected under § 1441 (*i.e.*, removals by private parties). Some courts interpreted this amendment as abolishing the derivative jurisdiction doctrine entirely, even for removals effected under § 1442. *See, e.g., Bermudez v. U.S. Dep't. of Housing & Urban Dev.*, 84 F. Supp. 2d 1094 (C.D. Cal 2000). At least two Ninth Circuit decisions, however, continued to apply the doctrine to actions removed under § 1442. *See In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997); *Smith v. Cromer*, 159 F.3d 875, 897 (9th Cir. 1998). In 2002, Congress amended § 1441 to make clear that the derivative jurisdiction doctrine was abolished only with regard to § 1441 removals and not removals made under 28 U.S.C. § 1442. *See* 28 U.S.C. § 1441(f); *see Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1183 (C.D. Cal. 2008); *Giovanazzi v. Schuette*, No. 09-0496, 2009 WL 649187, at *3 (C.D. Cal. March 10, 2009); *FBI v. Super. Ct.*, 507 F. Supp. 2d 1082, 1092 (N.D. Cal. 2007).

lacks jurisdiction over Plaintiff's Complaint.

C. **THE COURT LACKS SUBJECT MATTER JURISDICTION AS PLAINTIFF HAS FAILED TO EXHAUST ITS ADMINISTRATIVE REMEDIES.**

Even assuming *arguendo* that this action was originally filed in district court, Plaintiff's claim that Defendant breached a contract would nevertheless be subject to dismissal as Plaintiff has failed to exhaust its administrative remedies as required under the Contracts Disputes Act ("CDA").

The CDA applies to any express or implied contract entered into by an executive agency for the procurement of services. *See* 41 U.S.C. § 602(a). In the event of a dispute, the CDA provides an administrative claims process for contract based claims made against the federal government. More specifically, the CDA requires that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). Thus, under the CDA, claims must first be submitted in writing to the contracting officer, who must issue a decision in writing. *See* 41 U.S.C. § 605.

After the contractor receives notice of the contracting officer's decision, it may appeal the decision within 90 days to the agency board of contract appeals. *See* 41 U.S.C. § 606. Review of the board of contract appeals' decision is by the Court of Appeals for the Federal Circuit. *See* 41 U.S.C. § 607(g)(1)(A). Alternatively, the contractor may, within twelve months of receiving the contracting officer's decision, file a direct action on the claim in the Claims Court. *See* 41 U.S.C. § 609(a)(1). The Claims Court then has jurisdiction to render judgment on any claim arising under the CDA, including disputes concerning contract termination, rights in property, compliance with cost accounting standards, and other non-monetary disputes on which a contracting officer has issued a decision. 28 U.S.C. § 1491(a)(2).

Where a claimant has failed to exhaust the CDA's administrative remedies, courts lack subject matter jurisdiction over claimant's contract claims. *See Southwest Marine v. United States*, 43 F.3d 420, 423 (9th Cir. 1994); *see also Dalton v. Sherwood Van Lines, Inc.*, 50 F.3d 1014, 1017 (Fed. Cir.1995) ("[w]hen the [CDA] applies, it provides the exclusive mechanism for dispute resolution; [it] is not designed to serve as an alternative administrative remedy, available at the contractor's option."); 41 U.S.C. § 605(a).

Here, this Court lacks jurisdiction over this action as Plaintiff's Complaint is based upon a dispute arising out of a contract between Plaintiff and AAFES for the procurement of Plaintiff's services. As a result, any contract-based claim Plaintiff may have against Defendants is subject to the CDA and Plaintiff must first comply with the administrative requirements set forth therein. Moreover, even assuming Plaintiff had properly exhausted its administrative remedies under the CDA, the proper venue for contract disputes concerning AAFES is the Armed Services Board of Contract Appeals (41 U.S.C. § 607(g)(1)(A); Mcvea Decl., ¶ 6), or the Court of Federal Claims (41 U.S.C. § 609(a)(1)), rather than district court. *See* 28 U.S.C. § 1346(a)(2) ("the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States. . . which are subject to. . . sections 7104(b)(1) and 7107(a)(1) of title 41 [Contracts Disputes Act]. . . ."); *see also Mendenhall v. Kusicko*, 857 F.2d 1378, 1379 (9th Cir. 1988) (because plaintiff's contact is subject to the provisions of the CDA, jurisdiction lies with the Court of Claims) (citations omitted).

In the instant matter, Plaintiff has failed to present a written claim to the contracting officer at AAFES as required under the CDA. (Mcvea Decl., ¶ 7.) Additionally, even assuming Plaintiff had properly exhausted its administrative remedies, only the Armed Services Board of Contract Appeals or the Court of Federal Claims would have jurisdiction over Plaintiff's claims. Accordingly, this action must be dismissed.

D. **SOVEREIGN IMMUNITY PRECLUDES AAFES FROM BEING SUED *EO NOMINEE*.**

As a sovereign, the United States is immune from suit except as Congress specifically provides. *See United States v. Testan*, 424 U.S. 392, 399 (1976); *Hill v. United States*, 571 F.2d 1098, 1101 (9th Cir. 1978). Sovereign immunity also extends to federal agencies and its employees acting within their official capacities. *See Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003).

Here, Plaintiff's Complaint is defective because federal agencies like AAFES may only be sued *eo nomine* (or in their own name) if the authority to be sued has been expressly conferred by Congress. *See Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1952); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998) (federal agency "cannot be sued *eo nomine* unless so authorized by Congress in explicit language."). As Plaintiff has failed to identify, as it must, any jurisdictional basis for its suit against AAFES (or the Armed Forces Center), the Complaint should be dismissed.

## IV. CONCLUSION

As the Court lacks subject matter jurisdiction over this action, the Complaint should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1).

Respectfully submitted,

Dated: March 21, 2012

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ Donald W. Yoo

DONALD W. YOO
Assistant United States Attorney
Attorneys for Defendant
Army and Air Force Exchange Service